IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------X
DE LAGE LANDEN FINANCIAL              :
SERVICES, INC.                        :        Civil Action No: 09-1538 (TJS)
1111 Old Eagle School Road            :
Wayne, PA 19087                       :
                                      :
                                      :
                    Plaintiff,        :
                                      :
                                      :
          -v-.                        :
                                      :
                                      :
ELITE TECHNOLOGY (NY), INC.           :
1001 6th Avenue                       :
New York, N.Y. 10018                  :
                                      :
                                      :
          and                         :
                                      :
                                      :
PTA OF PUBLIC SCHOOL 41,              :
MANHATTAN, NY                         :
116 West 11th Street                  :
New York, N.Y. 10011                  :
                                      :
                                      :
                    Defendants.       :
-----------------------------------------------------------X
```

**DEFENDANT PTA OF PUBLIC SCHOOL 41'S MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

Defendant PTA of Public School 41 ("PTA") respectfully submits this motion, pursuant

to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Southern

District of New York.  In support thereof, the PTA relies upon the Declarations and brief with

exhibits submitted herewith and avers as follows:

1.    Plaintiff De Lage Landen Financial Services ("DLL"), a Michigan Corporation, brings

this action against the PTA and Elite in relation to three leases for copy machines and a contract

between DLL and Elite.  (See plaintiff's Complaint at Document No. 1 on the Court's Docket).

2.    The PTA has asserted cross-claims against Elite for negligent hiring, negligent

supervision and retention, and violations of New York General Business Law § 349.  (See PTA's

1

Amended Answer with Cross-claims at Document No. 9 on the Court's Docket).

3.    Elite is a New York corporation with its principal place of business in New York City. (See DLL's Complaint and Elite's Answer at ¶ 2 (Documents 1 and 8) on the Court's Docket).

4.    The PTA is a non-profit association of parents, teachers and staff, funded solely through donations and fundraising, which supports Public School 41 in New York City; its purpose and mission is to provide support and resources to the school for the benefit and educational growth of the children attending Public School 41.  (See Brachman Declaration, ¶¶ 1, 4, 5, 7; Ferrari Declaration ¶ 3; Yaccarino Declaration ¶ 5; Garelick Declaration, ¶ 4). [1]

5.    Transferring the case to New York will make the case easier, more expeditious, and less expensive for all parties and witnesses involved.

6.    As discussed more fully in the PTA's brief, this case has extensive connections to New York that make litigation and trial in New York more convenient, including the following:

   a)    Public School 41, the PTA and all of its material witnesses are located in New York City;

   b)    Elite and its employees are located in New York City;

   c)    the Savin copy machines at issue are located at Public School 41 in New York City;

   d)    the Ricoh copy machines at issue are in Elite's possession in New York;

   e)    former Elite employee Dawn Cangro is located in New York City;

   f)    records relating to Cangro's criminal charges and conviction in 2006 relating to her Ricoh employment and the ongoing criminal investigation of Cangro and Elite are located in New York City;

   g)    the Ricoh copier lease was negotiated in New York City, signed by the PTA in

---

[1]    The PTA has filed Declarations from Mindy Garelick, Susan Yaccarino, Jacqueline Brachman and Lisa Ferrari, Esq. in support of its motion to transfer venue.

2

485490.1 DocsNY

New York City and is governed by New York law;

h)   a buyout agreement at issues in this case was negotiated and entered into by the PTA and Elite in New York City and is governed by New York law;

i)   the Savin 4090 copier lease was negotiated and entered into by the PTA in New York City;

j)   the Savin 4051/4075 copier lease was negotiated and entered into by the PTA in New York City;

k)   the PTA's cross-claims against Elite for violations of New York General Business Law § 349, negligent hiring, and negligent supervision and retention arise under and are governed by New York law;

l)   the PTA's documents in support of its defenses and cross-claims are located in New York City;

m)  original contract and lease documents are in Elite's possession in New York City, including documents that the PTA believes are forgeries;

n)   the PTA's investigation of Elite's conduct, including meetings between Elite and the PTA and extensive correspondence, occurred in New York City; and

o)   Elite and the PTA are involved in another, related case pending in New York City, and each has retained separate counsel in that case.

(See Declarations of Mindy Garelick, Susan Yaccarino, Jacqueline Brachman, and Lisa Ferrari, Esq.).

7.    Thus, the events giving rise to plaintiff's claims occurred in the Southern District of New York, the probable fact witnesses reside and/or work in or near the Southern District of New York, the copiers and the documents at issue are located in New York, and both defendants are located in New York.

3

485490.1 DocsNY

8.    The PTA's potential witnesses in this matter include the following current and former members: Jill Tapia, a past co-President (2003-2004), Vicki Sando, a past co-President (2007-2008), Kellie Anderson-Picallo, a past co-President (2007-2008), Mindy Garelick, a past co-President (2006-2007), Nancy Caccappolo, a past Treasurer (2006-2007), Susan Yaccarino, a past Treasurer (2007-2008), Laura Williams, a past and current co-President (2008-2010), and Jacqueline Brachman, a past and current co-president (2008-2010).

9.    All of the PTA's members are unpaid volunteers, and all of the above witnesses reside in New York City.

10.    It would place a financial burden on the PTA to pay for travel and lodging costs incurred for PTA witnesses and representatives to attend court appearances and trial in Philadelphia.

11.    Any expenses incurred in this litigation for travel and/or lodging would diminish the amount of money available for the PTA's programs and deprive the children of Public School 41 of the full benefit of the PTA's fundraising efforts.

12.    Traveling to Philadelphia for this case would cause significant personal and financial burdens to the PTA's witnesses, all of whom are unpaid volunteers with child care and family obligations; they would be required to hire someone to look after their children, including preparing meals and taking children to and from school and after-school activities, and these witnesses would incur out-of-pocket expenses for each trip to Philadelphia, such as meals.

13.    In the event of an emergency, such as an illness or accident, these witnesses would have to rely upon public transportation and it would be much more difficult to quickly get home to their families.

14.    The PTA members all have children at Public School 41, and all would face the same difficulties and hardship to their families and professional lives if they were required to appear in

4

Philadelphia for trial.

15.    Transfer of this case to the Southern District of New York would greatly reduce the travel expenses and time commitments of the PTA's representatives and witnesses, all of whom volunteer their time.

16.    As discussed in the PTA's brief, the convenience of the parties and witnesses is best served in the Southern District of New York, the local interest in resolving plaintiff's case clearly rests in the Southern District of New York, and the interests of justice favor transferring this action to the Southern District of New York.

WHEREFORE, for the foregoing reasons and those set forth in the PTA's Declarations and brief in support of its motion, the PTA requests that the Court enter an Order transferring this case to the United States District Court for the Southern District of New York.

Respectfully submitted,

By:    _____
Yuri J. Brunetti
Landman Corsi Ballaine & Ford P.C.
Attorneys for Defendant
PTA of Public School 41 ("PTA")

DATED:  August 12, 2009

5

485490.1 DocsNY