IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------X

DE LAGE LANDEN FINANCIAL
SERVICES, INC.
1111 Old Eagle School Road
Wayne, PA 19087

                  Plaintiff,

       -v-.

ELITE TECHNOLOGY (NY), INC.
1001 6th Avenue
New York, N.Y. 10018

             and

PTA OF PUBLIC SCHOOL 41,
MANHATTAN, NY
116 West 11th Street
New York, N.Y. 10011

             Defendants.

-----------------------------------------------------------X

Civil Action No: 09-1538 (TJS)

### DECLARATION OF JACQUELINE BRACHMAN
### IN SUPPORT OF MOTION TO TRANSFER VENUE

**JACQUELINE BRACHMAN**, being of full age, hereby declares under penalty of perjury:

1.     I am the current co-President of the Public School 41 Parent Teacher Association ("Public School 41 PTA"). Public School 41 PTA is a non-profit association of parents, teachers and staff, which supports Public School 41, located at 116 West 11th Street, New York, NY 10011, in the Greenwich Village neighborhood of Manhattan, New York City.

2.     This Declaration is submitted in support of Public School 41 PTA's Motion to Transfer Venue from the Eastern District of Pennsylvania to the Southern District of New York.

3.     Public School 41 PTA's members include the teachers and staff employed by

1

485300.1 DocsNY

Public School 41, as well as all the parents of the children attending Public School 41.

4.      The purpose and mission of Public School 41 PTA is to provide support and resources to the school for the benefit and educational growth of the children attending Public School 41. We do this by funding supplemental enrichment programs for the students and providing administrative support to the school, including providing funding for the school's copy machines.

5.      Public School 41 PTA's operations are funded solely through donations and fundraising.

6.      The Board of Directors of Public School 41 PTA consists of two co-Presidents, a Treasurer, an Assistant Treasurer, and nine other positions. Each year, usually in May, elections are held and a new Board is chosen. Board members' terms start on July 1 and end on June 31 the following year. I served as co-President from July 2008 until June 2009, and I was elected for a second term which began on July 1, 2009 and will end on June 31, 2010.

7.      Public School 41 PTA Board members are not paid, and volunteer all of their time to support the school and its educational mission. Board members put in hundreds of hours during their one-year term.

8.      As co-President, I represent Public School 41 PTA and am familiar with the facts and circumstances of this case. I am also familiar with the claims being made by the PTA against Elite Technology, Inc. ("Elite").

9.      I have also spoken with most of Public School 41 PTA's material witnesses, including: Jill Tapia, a past co-President (2003-2004), Vicki Sando, a past co-President (2007-2008), Kellie Anderson-Picallo, a past co-President (2007-2008), Sue Yaccarino, a past Assistant Treasurer (2006-2007) and Treasurer (2007-2008), Mindy Garelick, a past co-President 2006-2007), Nancy Caccappolo, a past Treasurer (2006-2007), and Laura Williams, a past and current

2

485300.1 DocsNY

co-President who was elected with me (2008-2010). Each of the above former and current Board members was involved with matters related to issues raised in De Lage Landen's Complaint and in our Amended Answer with Cross-Claims, and their testimony will be required in support of the PTA's defenses and cross-claims in this case.

10.    All of the above witnesses reside in New York City.

11.    It would place a significant burden on both the former Board members and myself to travel to Philadelphia to testify in this case or attend other court appearances. We all live in New York City with our families and are responsible for our own childcare, which includes taking our children to and from school and after-school activities, and preparing meals for our families. Not only would traveling to Philadelphia be disruptive to our families, it would also place a financial burden on all of us. We would have to hire and pay for childcare, and would expect to incur out-of-pocket expenses, such as meals, during any trips to Philadelphia. In addition, if there was an emergency, we would be hours away from home and dependent upon the train and/or bus schedule to get back to New York City.

12.    It would also place a financial burden on Public School 41 PTA to pay for travel and lodging costs incurred for PTA witnesses and representatives to attend court appearances and trial in Philadelphia. Any expenses incurred in this litigation for travel and/or lodging would diminish the amount of money available for the PTA's programs and deprive the children of Public School 41 of the full benefit of the PTA's fundraising efforts.

13.    All of the material events surrounding both De Lage Landen's Complaint and the PTA's defenses and cross-claims against Elite took place in New York City. In addition, all of Public School 41 PTA's witnesses, documents and information directly bearing on the allegations in this case are in New York City. Furthermore, the Savin copiers at issue are located at Public School 41 in New York City, and to the best of my knowledge, the Ricoh copiers at

3

issue are in Elite's possession and are reportedly in storage in New York. I believe that Elite and its employees are located in New York, and the original documents at issue are in Elite's possession and are believed to be in New York.

14.     De Lage Landen is a large corporation with salaried employees and its witnesses should be able to come to New York City, instead of requiring the volunteer PTA members to travel to Philadelphia.

15.     I respectfully ask the Court to transfer this case from Philadelphia to New York.

I hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that I have reviewed this Declaration, and that the facts contained herein are true and correct to the best of my information and belief. I understand that the statements made herein are made subject to the penalties relating to unsworn falsification to authorities.

Jacqueline Brachman

Dated:  August 6, 2009