## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------------X

DE LAGE LANDEN FINANCIAL
SERVICES, INC.
1111 Old Eagle School Road
Wayne, PA 19087

                      Plaintiff,

       -v-.

ELITE TECHNOLOGY (NY), INC.
1001 6th Avenue
New York, N.Y. 10018

          and

PTA OF PUBLIC SCHOOL 41,
MANHATTAN, NY
116 West 11th Street
New York, N.Y. 10011

                  Defendants.

                  Civil Action No: 09-1538 (TJS)

-----------------------------------------------------------------------X

## DECLARATION OF LISA A. FERRARI
## IN SUPPORT OF MOTION TO TRANSFER VENUE

**LISA A. FERRARI, ESQUIRE,** being of full age, hereby declares under penalty of perjury:

1.    I am a current member of Public School 41 Parent Teacher Association ("the PTA"), and the parent of two children, both of whom attend Public School 41 ("P.S. 41"). P.S. 41 is located in the Greenwich Village neighborhood of New York City, and my family lives a few blocks from P.S. 41 in the Chelsea neighborhood.

2.    This Declaration is submitted in support of the PTA's Motion to Transfer Venue from the Eastern District of Pennsylvania to the Southern District of New York.

3.    The PTA is a non-profit organization whose mission, through fundraising and

1

other activities, is to enable the children who attend P.S. 41 to experience diverse enrichment programs throughout the school year.

4.    I have represented the PTA as *pro bono* counsel from 2007 until the present. Although not counsel of record in this litigation, I consult with and advise the PTA's Board and members regarding this case. I also consult with and advise the PTA in connection with another case pending in New York State, which has been brought against the PTA and Elite Technology, Inc. ("Elite Technology") by Key Equipment, Inc. ("Key Equipment").

5.    Both of the actions brought against the PTA arise from the fraudulent activities of Elite Technology, a company located in New York City, in relation to leases for copy machines.

6.    In the case brought by Key Equipment against the PTA, the Court recently granted the PTA's motion to transfer venue from Albany County to New York County. The case is currently in the process of being transferred from Albany to Manhattan as a result of the Court's ruling.

7.    The PTA has retained counsel in both New York and Pennsylvania to represent its interests in the two cases and has asserted identical cross-claims against Elite in both cases. I also work on behalf of the PTA by communicating and strategizing with its counsel in both cases. Although the same firm is representing the PTA in both cases, separate counsel from the firm's New York and Pennsylvania offices are representing the PTA and have entered appearances in these cases.

8.    In my role as counsel for the PTA, I undertook an investigation of the events giving rise to the Complaints filed by Key Equipment and De Lage Landen ("DLL") in the two cases, as well as the PTA's defenses and cross-claims against Elite Technology.

9.    My investigation has revealed that all material events concerning this dispute took place in New York City, that all relevant witnesses from the PTA and Elite Technology are

2

located in New York, and that the copy machines at issue, documentation relating to the copier leases, and documentation relating to the PTA's cross-claims are all located in New York.

10.    For example, former Elite Technology employee Dawn Cangro, who brokered the leases at issue, met with PTA representatives in the PTA's offices at P.S. 41 to negotiate the leases.  In addition, the PTA's investigation of Elite Technology's fraudulent, and possibly criminal, activities in connection with the copier leases, as well as follow-up meetings with Elite Technology and telephone conferences with DLL, all took place in the PTA's offices in New York.

11.    Also, Ms. Cangro was previously charged and convicted in New York County of grand larceny and falsifying business records relating to copy machine leases she brokered while working for Ricoh, who employed her before she was hired by Elite Technology.

12.    Upon information and belief, Ms. Cangro and Elite Technology are currently the subject of a criminal investigation by the New York County District Attorney's office. Accordingly, records regarding Ms. Cangro's prior conviction and the current criminal investigation are also located in New York.  These documents are relevant to the PTA's cross-claim against Elite Technology for negligent supervision.

13.    In addition, there are certain documents relating to the copier leases at issue that the PTA believes are forgeries.  The original documents are in the possession of Elite Technology, which is located in New York.

14.    Moreover, with respect to the pending New York State case, plaintiff Key Equipment is pursuing claims against the PTA and Elite Technology arising from the purported lease of a Savin 4051 copy machine, the same machine that DLL claims it leased to the PTA in the case *sub judice*.  The Savin 4051 copier is currently located at P.S. 41.  The other copy machines which are the subject of the action in this Court are either also located at P.S. 41 or,

3

upon information and belief, are in the possession of Elite Technology in their New York storage facility.

15.    Litigation of this case in Pennsylvania will cause undue hardship, burden and expense to the PTA and its members, all of whom are unpaid volunteers and most of whom have full-time childcare responsibilities when their children are not in school.

16.    On July 16, 2009, I attended a settlement conference in this case with Magistrate Judge Felipe Restrepo. I acted as the PTA's representative at the conference. Other members of the Board, who may have attended the conference had it been held in New York, were unable to travel to Philadelphia because of their full-time childcare responsibilities.

17.    I traveled to Philadelphia from New York via an Amtrak train and traveled in Philadelphia via taxi, resulting in expenses of $143.25, which I expect will be reimbursed by the PTA.

18.    My travel to and from the settlement conference was over two (2) hours in each direction, resulting in travel time in excess of four (4) hours.

19.    Attending the settlement conference required me to miss a full day of work and also interrupted my family life, as I was away from New York for nearly 12 hours.

20.    Taking additional trips to Philadelphia for court appearances and/or trial would cause a significant disruption to my work, family, and personal life, and would impose burdens on me and my family.

21.    In addition to my missing work, my husband and I would have to arrange for child care, meal preparation, and attendance at our children's extra-curricular activities.

22.    In case of an emergency, such as an illness or accident, it would be difficult for me to get home from Philadelphia using public transportation.

23.    Additional trips to Philadelphia from New York by PTA representatives and

4

467703.1 DOCSNJ

witnesses would likewise incur similar expenses and burdens for each person and for each trip, resulting in a drain on the funding the PTA uses for its various programs and activities.

24.    Transfer of this case to the Southern District of New York would greatly reduce the travel expenses and time commitments of the PTA's representatives and witnesses, all of whom volunteer their time.

25.    De Lage Landen is a multinational corporation whose employees are no doubt paid for their time spent on this litigation. De Lage Landen should be in a much better position to have its witnesses come to New York City, rather than having members of an all-volunteer, non-profit Parent Teacher Association travel to Philadelphia for this litigation.

26.    Accordingly, I respectfully ask that the Court transfer this case to New York, where P.S. 41 and the PTA are located, where the material events of the dispute took place, where the documents related to the case are located, where the copiers are located, and where relevant witnesses from the PTA and Elite Technology are located.

27.    The PTA members all have children at P.S. 41, and we all would face the same difficulties and serious inconveniences to our families and professional lives if we were required to appear in Philadelphia.

I hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that I have reviewed this Declaration, and that the facts contained herein are true and correct to the best of my information and belief. I understand that the statements made herein are made subject to the penalties relating to unsworn falsification to authorities.

_____
Lisa A. Ferrari

Dated:  August 6, 2009

5

467703.1 DOCSNJ