IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
---------------------------------------------------X
DE LAGE LANDEN FINANCIAL         :
SERVICES, INC.                   :     Civil Action No: 09-1538 (TJS)
1111 Old Eagle School Road       :
Wayne, PA 19087                  :
                                 :
                Plaintiff,       :
                                 :
        -v-.                     :
                                 :
ELITE TECHNOLOGY (NY), INC.      :
1001 6th Avenue                  :
New York, N.Y, 10018             :
                                 :
        and                      :
                                 :
PTA OF PUBLIC SCHOOL 41,         :
MANHATTAN, NY                    :
116 West 11th Street             :
New York, N.Y. 10011             :
                                 :
                Defendants.      :
---------------------------------------------------X
```

DECLARATION OF MINDY GARELICK
IN SUPPORT OF MOTION TO TRANSFER VENUE

MINDY GARELICK, being of full age, hereby declares under penalty of perjury:

1.    I am a former co-President of the Executive Board of Public School 41 Parent Teacher Association ("Public School 41 PTA"), and the parent of two children who previously attended Public School 41. We live in the Greenwich Village neighborhood of New York City.

2.    This Declaration is submitted in support of Public School 41 PTA's Motion to Transfer Venue from the Eastern District of Pennsylvania to the Southern District of New York.

3.    For the 2006-2007 school year, I volunteered as a co-President to the Public School 41 PTA Board of Directors. My responsibilities included managing the activities of the PTA, organizing and managing fund-raising events, overseeing the budget, and executing

1

483191.1 DocsNY

agreements on behalf of Public School 41 PTA.

4.    As co-President, I put hundreds of hours into the position. However, I did not get paid – in fact, none of the Board members get paid for their work.

5.    Before I was on the Board, Public School 41 PTA leased its copy machines from Ricoh Business Services. Ricoh advised us that our representative was Dawn Cangro. At some point thereafter, Ms. Cangro began working for a company called Elite Technology ("Elite").

6.    While I was co-President, Dawn and Elite told the Board that it could get better copy machines and a better deal, if we updated our machines using Elite. Dawn also proposed that Elite buyout the Ricoh lease in order to enable Public School 41 PTA to lease new copiers through Elite. After some discussion, Elite and Public School 41 PTA agreed to a buyout agreement whereby the PTA would be paid by Elite for the remaining payments due on the lease for the Ricoh copiers in exchange for leasing new copiers. All discussions and negotiations regarding the buyout agreement took place in New York City.

7.    In 2005, in conjunction with the buyout agreement, Public School 41 PTA leased a Savin 4090 copier. This lease was brokered by Elite. All discussions and negotiations regarding this lease took place in New York City.

8.    In 2006, in conjunction with the buyout agreement, Public School 41 PTA leased a Savin 4051 and a Savin 4075 copier. This lease was brokered by Elite. All discussions and negotiations regarding this lease took place in New York City.

9.    I have reviewed two versions of a document entitled "Addendum Exchange of Collateral." It is my understanding that Elite claims that I signed this document, but I never signed either version. I do not know how my name, or what has been represented by Elite to be my "signature," came to be on those documents.

10.    In addition to the above-described matters, I also have relevant information

2

regarding my communications with representatives from Elite, the documents provided to us by Elite and Key Equipment, and the decisions that were made by the Board during the time I was co-President.

11.     Taking time away from my family to travel to Philadelphia for this case would be a major disruption in our family's routine. I am a stay-at-home mother of two children, who are 11 and 14 years old. I have no one else to look after my children during the day. I also prepare breakfast and lunch for them on a daily basis and I prepare dinner for the family in the evenings. During the day I walk my youngest child to and from school. I also take both children to after school activities, including Hebrew school and sports. I also take care of all the necessary household duties when I am not involved with caring for my two children.

12.     Traveling to Philadelphia would also place a financial burden on my family. If I had to travel to Philadelphia to testify, I would have to hire someone to look after my children, who would also have to prepare meals, pick them up after school, and take them to their after-school activities. I also anticipate that I would incur out-of-pocket expenses during any trips to Philadelphia, such as costs for meals. My husband uses our car for work, so I would have to travel to Philadelphia by train or bus. In case of an emergency, such as an illness or accident, it also would be difficult for me to get home to my family using public transportation.

13.     I respectfully ask that the Court move this case to New York where the school is located, the documents related to this case are located, and I am located, along with all the other former Board members. We all have children, and we all would face the same difficulties and serious inconveniences to our families if we were required to appear and testify in Philadelphia. As a large corporation, De Large Landen should be in a better position to have its witnesses come to New York City rather than having members of an all-volunteer, non-profit Parent Teacher Association travel to Philadelphia.

3

14.     I respectfully ask the Court to transfer this case from Philadelphia to New York.

I hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that I have reviewed the this Declaration, and that the facts contained herein are true and correct to the best of my information and belief. I understand that the statements made herein are made subject to the penalties relating to unsworn falsification to authorities.

Mindy Garelick

Dated: August 6, 2009

4