# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
KEY EQUIPMENT FINANCE INC.

Plaintiff,

- against -

ELITE TECHNOLOGY (NY), INC., NATIONAL
INTERNATIONAL MARKETING GROUP,
INC., TRIAD GROUP, INC. PUBLIC SCHOOL
41 PARENT TEACHERS ASSOCIATION,
AND BLOOMINGDALE FAMILY PROGRAM,
INC.

Defendants.

**VERIFIED COMPLAINT**

Index No.: *8422-08*
Date Filed: *10/8/08*

Plaintiff Key Equipment Finance Inc., through its attorneys Lemery

Greisler LLC, as and for its Verified Complaint against defendants Elite

Technology (NY), Inc., National International Marketing Group, Inc., Triad Group,

Inc., Public School 41 Parent Teachers Association and Bloomingdale Family

Program, Inc., respectfully states as follows:

**PARTIES**

1.    Plaintiff Key Equipment Finance Inc. ("Key") is a Michigan

corporation authorized to do business in the State of New York and maintains its

offices in New York State in the County of Albany

2.    Key is engaged in, among other businesses, the financing and

leasing of equipment.

3.    Defendant Elite Technology (NY), Inc. ("Elite) is a Domestic

Business Corporation with its principal place of business in the County of New

York in the State of New York.

4.    Elite is a vendor of business equipment including copiers and printers.

5.    Defendant Public School 41 Parent Teachers Association ("PTA") is, upon information and belief, an unincorporated association of parents and teachers with an office at 116 W 11th Street, New York, New York 10011.

6.    Defendant National International Marketing Group ("NIMG") is a Delaware Corporation, with a New York service of process address at 323 Post Ave., Westbury, New York 11590.

7.    Defendant Triad Group, Inc. ("Triad") is a New York Corporation with a registered agent's address of 183 Bermuda Street, Atlantic Beach, New York 11509.

8.    Defendant Bloomingdale Family Program, Inc. ("Bloomingdale") is a New York not for profit corporation that provides head start education for children of families in poverty and has its main office at 125 West 109th Street, New York, New York 10025

## NATURE OF ACTION

9.    Key brings this action to recover payments it made to Elite as a result of Elite's material, knowing and intentional misrepresentations in presenting fraudulent lease agreements and invoices for equipment allegedly ordered by Defendants PTA, NIMG, Triad and Bloomingdale.

10.    Key also sues for a declaratory judgment as to the validity of and amounts owed, if any, under the lease agreements with Defendants PTA, NIMG, Triad and Bloomingdale.

11. In the event a declaratory judgment is granted and this Court determines that any of the leases are valid, Key also sues for amounts owed, if any, under the lease agreements with Defendants PTA, NIMG, Triad and Bloomingdale.

12. In the event a declaratory judgment is granted and this Court determines that any of the leases are valid, Key also sues for replevin of the business equipment described in this Verified Complaint.

13. Key sues to collect its reasonable attorneys' fees, costs and expenses.

## FACTS

### A) ELITE – PTA TRANSACTION HISTORY

14. All prior allegations are incorporated herein as if fully set forth.

15. On or about March 29, 2006 PTA allegedly entered into a lease with Key for a Savin 4051 copier with accessory "SR850". The lease term was sixty (60) months with monthly payments of $496.25. A copy of the PTA Lease Agreement is attached as Exhibit "1".

16. Upon information and belief, the PTA Lease Agreement was negotiated by Elite through its employees and/or salespeople.

17. PTA's then co-President, Mindy Garelick executed the lease on behalf of PTA.

18. On or about April 12, 2006, Elite submitted to Key an invoice for a Savin 4051 and SR850 Finisher. The amount listed on the invoice was $25,000. A copy of the invoice is attached as Exhibit "2".

19.    On or about April 20, 2006, in reliance upon the invoice and the Lease Agreement, Key issued a check to Elite in the amount of $26,250.00. This amount covered the $25,000 for the equipment funded as well as $1,250.00 in commissions and/or referral fees.

20.    The difference between the amount on the invoices in this Verified Complaint and the amounts paid by Key represents a broker fee.

21.    Upon information and belief, A Savin 4051 copier was delivered to Public School 41.

22.    Upon information and belief, Prior to the 2007-2008 school , PTA determined that they had been paying both Key and another finance company, De Lage Landen Financial Services, Inc. ("DLL"), for the same Savin 4051 copier.

23.    Upon information and belief, PTA questioned Elite regarding the single Savin 4051 copier being billed twice.

24.    Upon information and belief, Elite provided PTA with a lease agreement between PTA and DLL which listed only a Savin 4075 copier.

25.    Upon information and belief, DLL provided PTA with a copy of the DLL lease agreement directly. This lease listed both a Savin 4075 and a Savin 4051.

26.    Upon information and belief, PTA sought explanation for this discrepancy and was told that the Savin 4051 was only part of the DLL lease.

27.    Upon information and belief, Elite provided PTA with a document entitled Addendum Exchange of Collateral ("Addendum").

28.    The Addendum is dated May 9th, 2006 and states, "on or about the 20th day of April, 2006", PTA and Key entered into a Lease of Personal Property and that the parties, "desire that the Lease be amended to provide for certain changes in Equipment to be subject thereto". A copy of Addendum is attached as Exhibit "3".

29.    The Addendum appears to be on Key letterhead.

30.    The Addendum purports to remove the Savin 4051 and SR850 Finisher from the Key Lease Agreement.

31.    The Addendum states that the following equipment was added to the lease, a Canon IR 3300 (S/N:MPH27180) with ARDF, Finisher G1, Tray A1 Cassette Feeding unit, Fax Board, Paper Deck L1 and Card Set 3.

32.    Upon information and belief, PTA has no record of receiving the Addendum at any time prior to discovering the two separate lease payments for the Savin 4051 copier.

33.    Former PTA co-President has denied having signed an Addendum for the Key Lease.

34.    At the bottom of the Addendum The "printed name" of Lessee PTA co-President Mindy Garelick is misspelled "Mindy Garelic".

35.    The Addendum given to PTA by Elite appears to be signed by a Key representative. However, the lines for "printed name" and title are left blank.

36.    Upon information and belief, PTA never received or possessed a Canon IR 3300 copier.

37. Upon information and belief, Elite told PTA that the Canon IR 3300 was a "loaner" being held for the PTA by Elite.

38. PTA made 23 monthly payments to Key totaling $11,413.75.

39. PTA allegedly terminated the Key Lease Agreement based on the misrepresentations and fraudulent actions of Elite.

40. As a result of Elite's fraudulent actions and misrepresentations PTA is seeking repayment from Key for the lease payments made to Key.

41. Key is owed at least $20,106.78, plus accruing interest, for the Savin 4051, as well as any commission or referral fees paid to Elite.

### B) ELITE – NIMG TRANSACTION HISTORY

42. All prior allegations are incorporated herein as if fully set forth.

43. Between March and July 2007, Elite and NIMG contracted for 3 separate leases for business equipment which was allegedly sold by Elite and leased by Key to NIMG.

44. "John Samuel", signed the Lease Agreements on behalf of NIMG.

45. Key was the Lessor of the Equipment bought from Elite pursuant to the contracts with NIMG.

46. On or about March 14, 2007 an Elite Employee or Salesperson negotiated for the lease of a Savin 8055sp Copier and 5 Savin CLP 27DN color printers with NIMG. A copy of the Lease Agreement ("NIMG Lease Agreement 1) is attached as Exhibit "4".

47. The Lessee wrote its "Full Legal Name" as National International Marketing Group.

48. NIMG Lease Agreement 1 was signed by "John Samuel" who listed his title as President.

49. NIMG Lease Agreement 1 contains a Personal Lease Guaranty also signed by "John Samuel".

50. The Lease Agreement provided for 63 monthly payments of $1,906.00.

51. On or about March 29, 2007 Elite submitted an Invoice to Key for a Savin 8055 and Cover Interpose Tray, 3/11"x17" Tray Unit, Copy Connector Kit, ZF4000 Z-Folding Unit, BK5010 Production Booklet Maker, TR5010 Trimmer Unit, BF5010 Book Fold Unit, GB\C Stream Punch III, Finisher SR842, File Format Converter, Copy Connector Kit, 8 ½" x 14" Tray, Post Script 3 Unit and Surge Protector. A copy of the March 29 Invoice is attached as Exhibit "5".

52. The amount of the March 29, 2007 invoice was $93,085.11.

53. On or about March 30, 2007, and in reasonable reliance upon Elite's representations, Key wired $95,877.66 to Elite in payment for the invoice.

54. On or about March 14, 2007 Elite negotiated the Lease of a Savin 8055sp Digital Copier between Key and NIMG, ("NIMG Lease Agreement 2"). A copy of NIMG Lease Agreement 2 is attached as Exhibit "6".

55. NIMG Lease Agreement 2 provided for payments of $1,750.00 per month for 63 months.

56. NIMG Lease Agreement 2 is also signed by "John Samuel" as President of NIMG.

57. NIMG Lease Agreement 2 contains a Personal Lease Guaranty signed by "John Samuel".

58. On or about June 29, 2007 Elite submitted an invoice to Key for a Savin 8055sp at a cost of $79,164.68 and five (5) SavinCLP27DN at a cost of $4,011.00 each. A copy of the June 29, 2007 invoice is attached as Exhibit "7".

59. The June 29, 2007 invoice total was $ 99,129.68.

60. On or about July 5, 2007 and in reliance upon Elite's representations Key made a wire payment of $102,196.77 to Elite.

61. On or about March 14, 2007 Elite negotiated a third Lease Agreement between NIMG and Key. ("NIMG Lease Agreement 3"). A copy of NIMG Lease Agreement 3 is attached as Exhibit "8".

62. NIMG Lease Agreement 3 was for one (1) Savin 8055sp and five (5) Savin CLP 27DN (color laser Printers).

63. NIMG Lease Agreement 3 was again signed by "John Samuel" as President of NIMG.

64. "John Samuel" signed a Personal Lease Guaranty on NIMG Lease Agreement 3.

65. On or about July 19, 2007 Elite submitted an invoice to Key for a Savin 8055sp and five (5) Savin CLP 27DN color laser printers and accessories. A copy of the July 19, 2007 invoice is attached as Exhibit "9".

66. The July 19, 2007 invoice total was $92,969.57.

67. On or about July 19, 2007 and in reasonable reliance upon Elite's representations Key wired $95,758.66 to Elite.

68. NIMG immediately defaulted on all three leases.

69. Upon information and belief, the equipment cannot be located.

70. Upon information and belief, the equipment was never delivered to NIMG.

71. Upon information and belief, the equipment was never delivered to John Samuel.

72. Upon information and belief, John Samuel has been the victim of identity theft.

73. Elite acted with reckless disregard as to the actual identity of the person they contracted with for the NIMG Lease Agreements.

74. On or about September 13, 2007 John Samuel filed a police report alleging theft of identity with the Jackson Township, NJ Police Department. A copy of Samuel's police report is attached as Exhibit "10".

75. In his police report, John Samuel states that he received a phone call from USXL Express Leasing ("USXL") regarding a separate alleged transaction with USXL for the rental of a Savin 8055sp.

76. Upon information and belief, any alleged transactions between "John Samuel", Elite and USXL for the sale or lease of business equipment were also based on fraud and/or forgery.

77. In his police report, John Samuel states that he has never rented any equipment from USXL.

78. NIMG first filed for authority to do business with the New York State Department of State on July 17, 2007 two days before Elite sent the final NIMG invoice to Key.

79. The three NIMG Lease Agreements have an outstanding balance of at least $368,549.21 plus interest and fees.

## C) ELITE – TRIAD TRANSACTION HISTORY

80. On or about April 16, 2007 Elite negotiated a Lease Agreement between Triad and Key for two (2) Savin 8035 copiers and a Savin C 2525 for with a monthly payment of $1976.66 for 63 months. A copy of the Lease Agreement is attached as Exhibit "11".

81. Triad's President, "Angela Eksioglu" signed the Lease Agreement on behalf of Triad.

82. The Lease Agreement also contains a Guaranty signed by "Angela Eksioglu".

83. On or about April 16, 2007 Elite submitted an invoice to Key for two (2) Savin 8035SPF Copiers with accessories, and a Savin C 2525. A copy of the April 16, 2007 invoice is attached as Exhibit "12".

84. The total amount of the April 16, 2007 invoice was $ $102,193.92.

85. On or about April 16, 2007 Key wired Elite $105,259.74 as payment for the equipment on the invoice.

86. Triad never made any lease payments to Key.

87. Upon information and belief, Angela Eksioglu has been the victim of identity theft.

88. On or about February 8, 2008 Angela Eksioglu submitted to Key Bank a Uniform Affidavit for Identity Theft. A copy of the affidavit is attached as Exhibit "13".

89. Ekisioglu's affidavit states that, she has never received any benefit, goods, or services as a result of the Lease Agreement.

90. Eksioglu's affidavit states that Eksioglu reported her possible identity theft to the Port St. Lucie Police Department on December 17, 2007 and that a report was made on or about December 22, 2007.

91. Upon information and belief, Elite never delivered possession of the above referenced business equipment to Triad, or Angela Eksioglu.

92. Triad Group has an outstanding balance of $131,181.63 plus interest and fees accruing.

## D) ELITE - BLOOMINGDALE TRANSACTION HISTORY

93. All prior allegations are incorporated herein as if fully set forth.

94. Upon information and belief, on or about June 17, 2004 Elite provided Bloomingdale with three (3) Savin 4035E copiers.

95. Upon information and belief, these copiers were leased through De Lange Landen Financial Services, Inc. ("DLL").

96. Upon information and belief, the DLL Lease was for sixty (60) months with monthly payments of $1,298.00.

97. Upon information and belief, on or about August 22, 2006 an Elite employee or salesperson procured the signature of Bloomingdale's Fiscal Officer, Alexander Williams, to enter into a lease for the same three Savin 4035E copiers, as well as a PS 530 Paper Bank, Fax Option, Scan/Print Controller, SR790 Finishers, 256 MB memory and Adobe Postscript. A copy of the August 22, 2006 Lease is attached as Exhibit "14".

98. Upon information and belief, the August 22, 2006 lease was the product of misrepresentations and fraud.

99. On or about August 22, 2006 Elite submitted an invoice to Key for three (3) Savin 4035E Copiers. The Serial numbers were 1) K2845300963, 2)K2845300962, and 3) K2845300953. A copy of the second August 22, 2006 invoice is attached as Exhibit "15".

100. The total amount of August 22, 2006 invoice was $68,055.41.

101. On or about August 30, 2006 Key paid Seventy Thousand Ninety-Seven Dollars and Seven Cents ($70,097.07) to Elite in payment for the Equipment listed on the invoice.

102. Upon information and belief, none of the equipment in the August Lease Agreement was ever delivered to Bloomingdale.

103. Upon information and belief the August 2006 Lease Agreement was the product of fraudulent misrepresentations.

104. All of the Lease Agreements allow Key to recover its reasonable attorneys' fees.

### AS AND FOR A FIRST CAUSE OF ACTION
### ELITE - FRAUD

105. All prior allegations are incorporated herein as if fully set forth.

106. Elite submitted the Lease Agreements and Invoices described above to Key.

107. The Lease Agreements and Invoices described above contained material misrepresentations and false statements.

108. In the alternative, Elite made the representations in the Lease Agreements and Invoices in reckless disregard as to whether the representations were true or false.

109. Elite knew or should have known that the Lease Agreements and Invoices contained material misrepresentations.

110. Elite made the representations in the Lease Agreements and Invoices to induce Key to purchase business equipment.

111. Key justifiably relied on Elite's representations in deciding to purchase the business Equipment.

112. As a result of Key's reliance on Elite's representations, Key has been damaged in the total amount of at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90).

113. Key is entitled to judgment against Elite in the total amount of at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90) plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION
### ELITE – UNJUST ENRICHMENT

114.   All prior allegations are incorporated herein as if fully set forth.

115.   Elite wrongfully received money provided by Key arising out of its transactions with PTA, NIMG, Triad and Bloomingdale totaling at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90).

116.   As a result of the transactions above, Key has paid Elite for equipment that was never delivered to the purported lessees

117.   As a result of the transactions above, Key has paid Elite for Equipment that never existed.

118.   Elite benefitted from this money.

119.   Under principles of equity and good conscience, based on the foregoing, Elite should not be permitted to retain the payments obtained from Key.

120.   As a result of Elite's unjust enrichment Key is entitled to judgment for the amounts paid totaling at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90) plus interest and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## ELITE- MONEY HAD AND RECEIVED

121.   All prior allegations are incorporated herein as if fully set forth.

122.   Elite wrongfully received money belonging to Key as a result of the transactions described in this Verified Complaint.

123.   Elite benefitted from this money.

124.    Under principles of equity and good conscience, based on the foregoing, Elite should not be permitted to retain the payments obtained from Key.

125.    As a result of Elite's wrongful retention of Key's money, Key is entitled to judgment for the amounts paid totaling at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90) plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ELITE - CONVERSION

126.    All prior allegations are incorporated herein as if fully set forth.

127.    Key has ownership rights, as lessor, in the business equipment described in this Verified Complaint.

128.    Elite intentionally interfered with the possession of the business equipment described in this Verified Complaint.

129.    Elite interfered with Key's rights to possession of the business equipment ordered by failing to deliver business equipment as described in this Verified Complaint.

130.    Elite intended to interfere with Key's possession of the money Key paid for the fraudulent invoices.

131.    Elite did interfere with Key's possession of the money paid.

132.    As a result of Elite' interference with Key's property rights in the business equipment, Key is entitled to damages in the amount of at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90) plus interest.

133.    As a result of Elite's interference with Key's possession of its money, Key is entitled to judgment in the amount of at least Four Hundred Ninety-Five Thousand Four Hundred Thirty-Nine Dollars and Ninety Cents ($495,439.90) plus interest.

## AS AND FOR A FIFTH CAUSE OF ACTION

### ELITE- PUNITIVE DAMAGES

134.    All prior allegations are incorporated herein as if fully set forth.

135.    Elite's actions, as described in this Verified Complaint, demonstrate conscious indifference and utter disregard of Key's rights.

136.    Elite's conduct and repeated misrepresentations as alleged in this Verified Complaint demonstrate a high degree of immorality.

137.    Elite acted with knowledge of Key's rights, and with the intent to interfere with those rights.

138.    Key has been damaged as a result of Elite's wanton, willful, deliberate and reckless conduct.

139.    Key is entitled to punitive damages in an amount to be determined by this Court or at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### for a  DECLARATORY JUDGMENT
### OF EXISTENCE AND ENFORCEABILITY OF LEASES

140.    All prior allegations are incorporated herein as if fully set forth.

141.    Based on the foregoing, Key seeks a declaratory judgment from this Court pursuant to CPLR §3001 as to the validity and

enforceability of each of the leases described above including, but not limited to:

a.    The validity of the leases; and

b.    The amounts, if any, owed thereunder,

## AS AND FOR A SEVENTH CAUSE OF ACTION
### PTA – BREACH OF LEASE

142.    All prior allegations are incorporated herein as if fully set forth.

143.    If this Court declares the Lease Agreement between Key and PTA valid, PTA has breached the Lease Agreement and Key has been damaged.

144.    Key is entitled to Judgment against PTA in the amount of $20,106.78 plus interest and attorneys' fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### NIMG – BREACH OF LEASE

145.    All prior allegations are incorporated herein as if fully set forth.

146.    If this Court declares the Lease Agreements between Key and NIMG valid, NIMG has breached the Lease Agreements and Key has been damaged.

147.    Key is entitled to Judgment against NIMG in the amount of at least $368,549.21 plus interest and attorneys' fees.

## AS AND FOR A NINTH CAUSE OF ACTION
### TRIAD- BREACH OF LEASE

148.    All prior allegations are incorporated herein as if fully set forth.

149.    If this Court declares the Lease Agreement between Key and Triad valid, Triad has breached the Lease Agreement and Key has been damaged.

150. Key is entitled to Judgment against Triad in the amount of at least $131,181.63, plus interest and attorneys' fees.

## AS AND FOR A TENTH CAUSE OF ACTION
### BLOOMINGDALE – BREACH OF LEASE

151. All prior allegations are incorporated herein as if fully set forth.

152. If this Court declares the Lease Agreement between Key and Bloomingdale valid, Bloomingdale has breached the Lease Agreement and Key has been damaged.

153. Key is entitled to Judgment against Bloomingdale in the amount of at least $81,247.95 , plus interest and attorneys' fees.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### REPLEVIN – PTA

154. All prior allegations are incorporated as if fully set forth.

155. The Lease Agreement between Key and PTA provides that upon default, Key may enter PTA's premises and take possession of any or all of the equipment covered by the Lease Agreement.

156. If this court declares the Lease Agreement between Key and PTA valid, and PTA in default of that Lease Agreement, Key is entitled to possession of the business equipment described in this Verified Complaint.

157. Key is entitled to an order of replevin for the business equipment described in this Verified Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### REPLEVIN – NIMG

158. All prior allegations are incorporated as if fully set forth.

159.    The Lease Agreements between Key and NIMG provide that upon default, Key may enter NIMG's premises and take possession of any or all of the equipment covered by the Lease Agreement.

160.    If this court declares the Lease Agreements between Key and NIMG valid, and declares NIMG in default of that Lease Agreements, Key is entitled to possession of the business equipment described in this Verified Complaint.

161.    Key is entitled to an order of replevin for the business equipment described in this Verified Complaint.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### REPLEVIN – TRIAD

162.    All prior allegations are incorporated as if fully set forth.

163.    The Lease Agreement between Key and Triad provides that upon default, Key may enter Triad's premises and take possession of any or all of the equipment covered by the Lease Agreement.

164.    If this court declares the Lease Agreement between Key and Triad valid, and declares Triad in default of that Lease Agreement, Key is entitled to possession of the business equipment described in this Verified Complaint.

165.    Key is entitled to an order of replevin for the business equipment described in this Verified Complaint.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### REPLEVIN – BLOOMINGDALE

166.    All prior allegations are incorporated as if fully set forth.

167.   The Lease Agreement between Key and Bloomingdale provides that upon default, Key may enter Bloomingdale's premises and take possession of any or all of the equipment covered by the Lease Agreement.

168.   If this court declares the Lease Agreement between Key and Bloomingdale valid, and declares Bloomingdale in default of that Lease Agreement, Key is entitled to possession of the business equipment described in this Verified Complaint.

169.   Key is entitled to an order of replevin for the business equipment described in this Verified Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES

170.   All prior allegations are incorporated as if fully set forth.

171.   Due to its outrageous and tortious conduct, Key is entitled to a judgment against Elite for its reasonable attorneys' fees, costs and expenses.

WHEREFORE, Key demands judgment against defendants as follows:

a.   On its First Cause of Action, judgment against Elite in the amount of $495,439.90, plus interest and attorneys' fees.

b.   On its Second Cause of Action, judgment against Elite in the amount of $ 495,439.90, plus interest and attorneys' fees.

c.   On its Third Cause of Action, judgment against Elite in the amount of $495,439.90, plus interest and attorneys' fees.

d.   On its Fourth Cause of Action, judgment against Elite in the amount of $495.439.90, plus interest and attorneys' fees.

e.   On its Fifth Cause of Action, judgment against Elite in an amount determined by this Court or a jury to be just.

f.   On its Sixth Cause of Action, a declaratory judgment declaring the rights and legal relations of the parties hereto regarding the matters set forth in this Verified Complaint and that the declaratory judgment shall specify the following:

   1.  That valid lease agreements exist between Key and PTA; Key and NIMG; Key and Triad; Key and Bloomingdale; and

   2.  Whether defendants PTA, NIMG, Triad and Bloomingdale are in default of such leases.

g.   On its Seventh Cause of Action , judgment against PTA in an amount of at least $20,106.78, plus interest and attorney's fees.

h.   On its Eighth Cause of Action, judgment against NIMG in an amount of at least $368,549.21, plus interest and attorneys' fees.

i.   On its Ninth Cause of Action, judgment against Triad in an amount of at least $131,181.63 plus interest and attorneys' fees.

j. On its Tenth Cause of Action, judgment against Bloomingdale in an amount of at least $81,247.95 plus interest.

k. On its Eleventh Cause of Action, judgment against PTA granting an order of replevin.

l. On its Twelfth Cause of Action, judgment against NIMG granting an order of replevin.

m. On its Thirteenth Cause of Action, judgment against Triad granting an order of replevin.

n. On its Fourteenth Cause of Action, judgment against Bloomingdale granting an order of replevin.

o. On its Fifteenth Cause of Action, Key's reasonable attorney's fees, costs and expenses; and,

p. The costs and disbursements of this action and, such other and further relief as the Court may deem just, necessary and proper.

Dated: October 6, 2008

Respectfully submitted,

Paul A. Levine, Esq.
Lemery Greisler, LLC
Attorneys for Plaintiff
50 Beaver Street
Albany, New York 12207
(518) 433-8800

F:\wpdata\1292.000\1292.047\Pleadings\Verified Complaint.doc

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

-----------------------------------------------------------------X

KEY EQUIPMENT FINANCE INC.

                Plaintiff,

          -against-

ELITE TECHNOLOGY (NY), INC., NATIONAL
INTERNATIONAL MARKETING GROUP, INC.,
TRIAD GROUP, INC. PUBLIC SCHOOL 41
PARENT TEACHERS ASSOCIATION, AND
BLOOMINGDALE FAMILY PROGRAM, INC.

                Defendants.

-----------------------------------------------------------------X

**DEFENDANT PUBLIC
SCHOOL 41 PARENT
TEACHERS ASSOCIATION'S
AMENDED
VERIFIED ANSWER,
COUNTER CLAIM &
CROSS-CLAIMS
(Answers Demanded)**

Index No. 8422-08

Defendant Public School 41 Parent Teachers Association (hereinafter "PS 41 PTA"), by its attorneys, Landman Corsi Ballaine & Ford P.C., as and for its Amended Answer to the Verified Complaint herein, subject and without prejudice to its affirmative defenses, counterclaims and cross-claims, states as follows:

### WITH RESPECT TO THE PARTIES

FIRST:  Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1," "2," "3," "4," "6," "7" and "8" of the Verified Complaint and refers all matters of law to the Court.

SECOND:  Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "5" of the Verified Complaint except admits that it has an office located at 116 West 11th Street, New York, New York, and refers all matters of law to the Court.

475204.1 DocsNY

## WITH RESPECT TO THE NATURE OF ACTION

THIRD:  Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "9," "10," "11," "12" and "13" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE ALLEGED FACTS
## A) ELITE - PTA TRANSACTION HISTORY

FOURTH:  With respect to the allegations contained in paragraph "14" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "THIRD" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FIFTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "15" and "17" of the Verified Complaint, and without prejudice to any of its rights or defenses, refers plaintiff to the document annexed to the complaint at Exhibit 1 for its contents and refers all matters of law to the Court.

SIXTH:  Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the Verified Complaint and refers all matters of law to the Court.

SEVENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18," "19" and "20" of the Verified Complaint.

EIGHTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Verified Complaint,

475204.1 DocsNY                                        2

but states that a copier machine which appeared to be a Savin 4051 copier machine was delivered to Public School 41.

NINTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Verified Complaint, but states that defendant PS 41 PTA was provided a copier machine which appeared to be a Savin 4051 copier machine and that defendant PS 41 PTA paid invoices sent to it by plaintiff and De Lage Landen Financial Services, Inc. ("DLL") related to a Savin 4051 copier machine with equipment.

TENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Verified Complaint, but states that it questioned certain personnel from Defendant Elite Technology (NY) Inc. ("Elite") regarding its receipt of invoices from plaintiff and DLL related to a copier machine which appeared to be a Savin 4051 copier machine.

ELEVENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "24," "25" and "26" of the Verified Complaint as the allegations are stated therein, and refers all matters of law to the Court.

TWELFTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of the Verified Complaint, but states that Elite provided PTA with two documents entitled "Addendum Exchange of Collateral."

THIRTEENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "28," "29,"

"30," "31," "34" and "35" of the Verified Complaint and, without prejudice to its defenses or claims, refers plaintiff to Exhibit 3 of the Verified Complaint for its contents, and refers all matters of law to the Court.

FOURTEENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of the Verified Complaint but states that it never saw a copy of any document titled "Addendum of Exchange Collateral," allegedly signed by a PTA board member, until defendant Elite's personnel presented such documents so titled to defendant PS 41 PTA.

FIFTEENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of the Verified Complaint, and further states that former PS 41 PTA President Mindy Garelick did not sign a document titled "Addendum of Exchange Collateral."

SIXTEENTH: Defendant PS 41 PTA admits the truth of each and every allegation contained in paragraph "36" of the Verified Complaint.

SEVENTEENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "37" of the Verified Complaint but states that Elite personnel made various representations relating to a Canon IR 3300 copier machine, including that the Canon IR 3300 copier was a "loaner" being held for PS 41 PTA by Elite.

EIGHTEENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Verified Complaint, but states that it made certain payments to plaintiff, and refers all matters of law to the Court.

NINETEENTH: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "39" and "40" of the Verified Complaint, but refers plaintiff to its affirmative defenses and counterclaims set forth herein, and refers all matters of law to the Court.

TWENTIETH: Defendant PS 41 PTA denies the truth of each and every allegation contained in paragraph "41" of the Verified Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other named parties, and refers all matters of law to the Court.

**WITH RESPECT TO B) ELITE –**
**<u>NIMG TRANSACTION HISTORY</u>**

TWENTY-FIRST: With respect to the allegations contained in paragraph "42" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "TWENTIETH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SECOND: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "43," "44," "45," "46," "47," "48," "49," "50," "51," "52," "53," "54," "55," "56," "57," "58," "59," "60," "61," "62," "63," "64," "65," "66," "67," "68," "69," "70," "71," "72," "73," "74," "75," "76," "77," "78"and "79" of the Verified Complaint.

**<u>WITH RESPECT TO C) ELITE - TRIAD TRANSACTION HISTORY</u>**

TWENTY-THIRD: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "80," "81," "82," "83," "84," "85," "86," "87," "88," "89," "90," "91" and "92" of the Verified Complaint.

## WITH RESPECT TO D) ELITE - BLOOMINGDALE TRANSACTION HISTORY

TWENTY-FOURTH:  With respect to the allegations contained in paragraph "93" of the Verified Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "TWENTY-THIRD" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

TWENTY-FIFTH:  Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "94," "95," "96," "97," "98," "99," "100," "101," "102," "103" and "104" of the Verified Complaint.

## WITH RESPECT TO THE FIRST CAUSE OF ACTION ELITE - FRAUD

TWENTY-SIXTH: With respect to the allegations contained in paragraph "105" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "TWENTY-FIFTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SEVENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "106," "107," "108," "109," "110," "111" and "112" of the Verified Complaint.

TWENTY-EIGHTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "113" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE SECOND CAUSE OF ACTION- UNJUST ENRICHMENT

TWENTY-NINTH: With respect to the allegations contained in paragraph "114" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every

response contained in paragraphs "FIRST" through "TWENTY-EIGHTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

THIRTIETH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "115," "116," "117" and "118" of the Verified Complaint.

THIRTY-FIRST: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "119" and "120" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE THIRD CAUSE OF ACTION- MONEY HAD AND RECEIVED

THIRTY-SECOND: With respect to the allegations contained in paragraph "121" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "THIRTY-FIRST" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

THIRTY-THIRD: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "122" and "123" of the Verified Complaint.

THIRTY-FOURTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "124" and "125" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE FOURTH CAUSE OF ACTION-CONVERSION

THIRTY-FIFTH: With respect to the allegations contained in paragraph "126" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every

response contained in paragraphs "FIRST" through "THIRTY-FOURTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

THIRTY-SIXTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "127," "128," "129," "130" and "131" of the Verified Complaint.

THIRTY-SEVENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "132" and "133" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE FIFTH CAUSE OF ACTION-PUNITIVE DAMAGES

THIRTY-EIGHTH: With respect to the allegations contained in paragraph "134" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "THIRTY-SEVENTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

THIRTY-NINTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "135," "136," "137" and "138" of the Verified Complaint.

FORTIETH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "139" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE SIXTH CAUSE OF ACTION-DECLARATORY JUDGMENT

FORTY-FIRST: With respect to the allegations contained in paragraph "140" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every

response contained in paragraphs "FIRST" through "FORTIETH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FORTY-SECOND:  Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "141" of the Verified Complaint and refers all matters of law to the Court.

**WITH RESPECT TO THE SEVENTH CAUSE OF ACTION- PTA -BREACH OF LEASE**

FORTY-THIRD:  With respect to the allegations contained in paragraph "142" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FORTY-SECOND" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FORTY-FOURTH: Defendant denies the truth of each and every allegation contained in paragraphs "143" and "144" of the Verified Complaint, and refers all matters of law to the Court.

**WITH RESPECT TO THE EIGHTH
CAUSE OF ACTION-NIMG- BREACH OF LEASE**

FORTY-FIFTH: With respect to the allegations contained in paragraph "145" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FORTY-FOURTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FORTY-SIXTH: Defendant  PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "146" and "147" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE NINTH
## CAUSE OF ACTION-TRIAD-BREACH OF LEASE

FORTY-SEVENTH: With respect to the allegations contained in paragraph "148" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FORTY-SIXTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FORTY-EIGHTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "149" and "150" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE TENTH CAUSE OF
## ACTION- BLOOMINGDALE – BREACH OF LEASE

FORTY-NINTH:  With respect to the allegations contained in paragraph "151" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FORTY-EIGHTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FIFTIETH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "152" and "153" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE ELEVENTH
## CAUSE OF ACTION-REPLEVIN –PTA

FIFTY-FIRST:  With respect to the allegations contained in paragraph "154" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FIFTIETH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FIFTY-SECOND: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "155" of the Verified Complaint and refers all matters of law to the Court.

FIFTY-THIRD: Defendant PS 41 PTA denies the truth of each and every allegation contained in paragraphs "156" and "157" of the Verified Complaint and refers all matters of law to the Court.

**WITH RESPECT TO THE TWELFTH
CAUSE OF ACTION-REPLEVIN –NIMG**

FIFTY-FOURTH:  With respect to the allegations contained in paragraph "158" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FIFTY-THIRD" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FIFTY-FIFTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "159," "160" and "161" of the Verified Complaint and refers all matters of law to the Court.

**WITH RESPECT TO THE THIRTEENTH
CAUSE OF ACTION – REPLEVIN – TRIAD**

FIFTY-SIXTH: With respect to the allegations contained in paragraph "162" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FIFTY-FIFTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FIFTY-SEVENTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "163," "164" and "165" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE FOURTEENTH
## CAUSE OF ACTION – REPLEVIN BLOOMINGDALE

FIFTY-EIGHTH: With respect to the allegations contained in paragraph "166" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "FIFTY-SEVENTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

FIFTY-NINTH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "167" of the Verified Complaint.

SIXTIETH: Defendant PS 41 PTA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "168" and "169" of the Verified Complaint and refers all matters of law to the Court.

## WITH RESPECT TO THE FIFTEENTH CAUSE
## OF ACTION-ATTORNEYS' FEES, COSTS AND EXPENSES

SIXTY-FIRST: With respect to the allegations contained in paragraph "170" of the Verified Complaint, defendant PS 41 PTA repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "SIXTIETH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

SIXTY-SECOND: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "171" of the Verified Complaint and refers all matters of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

SIXTY-THIRD: Any loss or damages allegedly suffered by plaintiff were caused solely by its own negligence or culpable conduct, including the negligence or culpable conduct of

plaintiff's present or former officers, directors, shareholders, employees or agents, and not by any negligence or culpable conduct of defendant PS 41 PTA.

## SECOND AFFIRMATIVE DEFENSE

SIXTY-FOURTH:  If plaintiff has suffered any loss or damages, which defendant PS 41 PTA denies, such loss or damages were due to plaintiff's: (a) lack of due diligence; (b) failure to exercise the duty of reasonable inquiry; or (c) failure to exercise ordinary care or to mitigate or minimize any loss or damages that may have been suffered.

## THIRD AFFIRMATIVE DEFENSE

SIXTY-FIFTH:  Plaintiff's Summons and Verified Complaint must be dismissed because it fails to state a cause of action upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH:  Some or all of the claims presented in the Verified Complaint must be dismissed because they are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH:  Some or all of the claims presented in the Verified Complaint must be dismissed because they are barred by the statute of frauds.

## SIXTH AFFIRMATIVE DEFENSE

SIXTY-EIGHTH:   Some or all of the claims presented in the Verified Complaint must be dismissed because they are barred by the doctrines of waiver, estoppel, laches, "unclean hands," and/or ratification.

475204.1 DocsNY                                13

## SEVENTH AFFIRMATIVE DEFENSE

SIXTY-NINTH:  Any losses allegedly sustained by plaintiff, which defendant PS 41 PTA denies, were not proximately caused by any reasonable reliance on defendant PS 41 PTA's work or conduct.

## EIGHTH AFFIRMATIVE DEFENSE

SEVENTIETH:  Any losses allegedly suffered by plaintiff, which defendant PS 41 PTA denies, were caused exclusively by the conduct, including faulty business practices, inattention, negligence, and culpable conduct of plaintiff and/or the culpable conduct of other persons or entities over whom defendant PS 41 PTA had no control.

## NINTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST:  Some or all claims by plaintiff for breach of contract are barred by plaintiff's own breach of contract.

## TENTH AFFIRMATIVE DEFENSE

SEVENTY-SECOND:  Albany is an improper and inconvenient venue.

## ELEVENTH AFFIRMATIVE DEFENSE

SEVENTY-THIRD:  This Court lacks subject matter jurisdiction over plaintiffs' claims.

## TWELFTH AFFIRMATIVE DEFENSE

SEVENTY-FOURTH:  Plaintiff cannot state any claim in equity because legal remedies are available.

## THIRTEENTH AFFIRMATIVE DEFENSE

SEVENTY-FIFTH:  Any damages incurred by plaintiff were caused, in whole or in part, by its knowing misrepresentations, or by providing inaccurate, incomplete, false, misleading, or deficient information to defendant PS 41 PTA.

475204.1 DocsNY                                    14

## FOURTEENTH AFFIRMATIVE DEFENSE

SEVENTY-SIXTH:  Some or all alleged contracts or agreements between plaintiff and defendant PS 41 PTA, which defendant PS 41 PTA denies, are void or voidable because of fraud, misrepresentation, frustration of purpose, mistake of fact, failure of consideration, lack of consideration, breach of express or implied warranties, unconscionability, or criminal conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

SEVENTY-SEVENTH:  Plaintiff breached its duty of good faith and fair dealing with defendant PS 41 PTA.

## SIXTEENTH AFFIRMATIVE DEFENSE

SEVENTY-EIGHTH:  Any damages for which defendant PS 41 PTA may be liable must be offset by any payments made by defendant PS 41 PTA to plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

SEVENTY-NINTH:  Enforcement of any alleged contract would violate public policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

EIGHTIETH:  Any payments made by defendant PS 41 PTA to plaintiff constitute a total or partial accord and satisfaction of any purported obligations defendant PS 41 PTA had to plaintiff under any purported lease.

## NINETEENTH AFFIRMATIVE DEFENSE

EIGHTY-FIRST:  The signature of defendant PS 41 PTA's board member on both documents titled "Addendum Exchange of Collateral" was forged.

## TWENTIETH AFFIRMATIVE DEFENSE

EIGHTY-SECOND:  Defendant PS 41 PTA is entitled to qualified immunity.

475204.1 DocsNY
15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

EIGHTY-THIRD:  The Equipment referred to in the purported lease, or the purported Addenda, was not, nor ever was purchased, owned, or controlled by plaintiff, and was never delivered or provided to defendant PS 41 PTA, making the lease void, voidable, or invalid.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

EIGHTY-FOURTH:   Defendant PS 41 PTA reserves the right to assert additional defenses available at law or equity upon discovery of further information or upon the development of other relevant information, including information discovered during the course of the litigation and information discovered outside the discovery process of this litigation.

## COUNTERCLAIM FOR UNJUST ENRICHMENT/ QUANTUM MERUIT, TO WHICH AN ANSWER IS DEMANDED

EIGHTY-FIFTH:  On March 29, 2006, defendant PS 41 PTA signed a document which purported to be a lease agreement between plaintiff and defendant PS 41 PTA, to lease to defendant PS 41 PTA a Savin 4051 copier with an SR850 attachment.

EIGHTY-SIXTH:   Upon information and belief, on May 9, 2006, an "Addendum Exchange of Collateral" was sent to plaintiff by co-defendant Elite Technology (NY) Inc. ("Elite"), purporting to contain a signature of a PTA board member – Mindy Garelick.

EIGHTY-SEVENTH:  Upon information and belief, the purported "Addendum Exchange of Collateral" (hereinafter "Addendum") was on plaintiff's letterhead.

EIGHTY-EIGHTH:  Upon information and belief, the Addendum purported to delete the Savin 4051 and equipment from the original lease, and added a Canon IR3300, with equipment, to the lease.

475204.1 DocsNY                            16

EIGHTY-NINTH:    The Addendum states in part that the Addendum "shall not be effective until Lessor [defendant PS 41 PTA] has become the owner of any equipment to be added to the lease."

NINETIETH:    Upon information and belief, Mindy Garelick never signed the Addendum.

NINETY-FIRST: Upon information and belief, plaintiff sent invoices to defendant PS 41 PTA listing a Canon IR3300 as the equipment for which payment was due.

NINETY-SECOND:    Upon information and belief, plaintiff also sent invoices to defendant PS 41 PTA listing a Savin 4051 as the equipment for which payment was due.

NINETY-THIRD:  Upon information and belief, defendant PS 41 PTA never received, or came to be in actual possession of a Canon IR3300.

NINETY-FOURTH:  Upon information and belief, plaintiff never provided defendant PS 41 PTA with a Savin 4051.

NINETY-FIFTH:    Nevertheless, defendant PS 41 PTA paid plaintiff approximately $11,561.36 on invoices for equipment it never received from plaintiff.

NINETY-SIXTH:    Upon information and belief, plaintiff received a benefit from defendant PS 41 PTA in the form of payments totaling approximately $11,561.36.

NINETY-SEVENTH:  Defendant PS 41 PTA would not have paid plaintiff had it known that it was not obligated to pay plaintiff for a copier it did not receive from plaintiff.

NINETY-EIGHTH:  Plaintiff has been unjustly enriched at the expense of defendant PS 41 PTA in an amount of approximately $11,561.36, plus interest.

NINETY-NINTH:  The balance of the equities favor defendant PS 41 PTA.

475204.1 DocsNY                                      17

## CROSS-CLAIMS AGAINST CO-DEFENDANT ELITE
## TECHNOLOGY (NY) INC., TO WHICH AN ANSWER IS DEMANDED

ONE HUNDREDTH:  While they deny any liability on their part, defendant PS 41 PTA, as and for cross-claims against co-defendant Elite Technology (NY) Inc. ("Elite"), to which answers are demanded, asserts the following:

ONE HUNDRED FIRST:  Defendant PS 41 PTA repeats, reiterates and realleges each and every response and allegation contained in paragraphs "FIRST" through "ONE-HUNDRED FIRST" of this Verified Answer with the same force and effect as if fully set forth at length herein.

ONE HUNDRED SECOND:  Any alleged injuries and damages sustained by plaintiff herein, which are denied, were sustained in whole or in part by reason of the negligence, recklessness and/or affirmative acts or omissions on the part of co-defendant Elite, and cross-claiming defendant PS 41 PTA is entitled to full and complete contractual, common law and/or statutory indemnification by co-defendant Elite for all or part of any verdict or judgment that plaintiff may recover against defendant PS 41 PTA.

ONE HUNDRED THIRD:  While they deny any liability on their part, if it is determined that defendant PS 41 PTA is liable to any degree to the plaintiff, whether because of negligence, by operation of law or any other reason, the defendant PS 41 PTA is entitled to have such liability apportioned on the basis of responsibility among and between plaintiff and co-defendant Elite, by way of contribution and all of the provisions and limitations of liability under the terms of Article 14 and Article 16 of the CPLR are pleaded and demanded herein by defendant PS 41 PTA, together with costs, disbursements and reasonable attorneys fees.

## AS AND FOR A FIRST CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED FOURTH: If plaintiff has been damaged in the manner and at the times and places set forth in plaintiff's complaint through any carelessness, recklessness, negligence, misrepresentation or other culpable conduct, other than that of plaintiff, said damages arose, in whole or in part, from the negligence, acts of omission, or acts of commission, or other culpable conduct on the part of the co-defendant Elite, and if judgment is recovered by plaintiff against defendant PS 41 PTA, then defendant PS 41 PTA will be damaged thereby and will be entitled to common law and/or contractual indemnity and/or contribution from co-defendant Elite, including attorneys fees and costs, and the expenses of investigating this matter.

## AS AND FOR A SECOND CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED FIFTH: If plaintiff recovers a verdict against defendant PS 41 PTA for the damages alleged to have been sustained as alleged in the Verified Complaint, such liability will have been brought about and caused totally and solely by reason of the culpable, careless and/or negligent acts or omissions of the co-defendant Elite, their servants agents and/or employees, without any negligence or culpability on the part of defendant PS 41 PTA in any way contributing thereto.

## AS AND FOR A THIRD CROSS-CLAIM FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES PURSUANT TO GENERAL BUSINESS LAW § 349, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED SIXTH: Defendant PS 41 PTA repeats, reiterates and realleges each and every response and allegation contained in paragraphs "FIRST" through "ONE-HUNDRED FIFTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

475204.1 DocsNY                    19

ONE HUNDRED SEVENTH:    Upon information and belief, co-defendant Elite conducted business and trade in the State of New York.

ONE HUNDRED EIGHTH:  Defendant PS 41 PTA was a consumer and customer of co-defendant Elite's services.

ONE HUNDRED NINTH:  On or about September 28, 2007, employees of co-defendant Elite met with representatives of PS 41 PTA and presented PS 41 PTA with two documents, both entitled "Addendum Exchange of Collateral" and both allegedly signed by Mindy Garelick, but each of which contained a different looking signature.

ONE HUNDRED TENTH:  Neither of the two documents entitled "Addendum Exchange of Collateral" presented to defendant PS 41 PTA was signed by Mindy Garelick.

ONE HUNDRED ELEVENTH:    Upon information and belief, co-defendant Elite engaged in unfair and/or deceptive business practices by representing to defendant PS 41 PTA and its other customers and consumers that documents which had been falsified or were otherwise altered or invalid were valid, original, legitimate, and/or binding agreements when it knew or should have known that they had not been executed by PS 41 PTA and were not valid, legitimate, or binding agreements.

ONE HUNDRED TWELFTH:   Co-defendant Elite's unfair and/or deceptive business practices were directed at its consumers and customers.

ONE HUNDRED THIRTEENTH:   As a result of co-defendant Elite's unfair and/or deceptive business practices, PS 41 PTA has been damaged and is therefore entitled to its actual damages, punitive damages up to three times the amount of actual damages, as well as its reasonable attorneys fees.

## AS AND FOR A FOURTH CROSS-CLAIM FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES PURSUANT TO GENERAL BUSINESS LAW § 349, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED FOURTEENTH:    Defendant PS 41 PTA repeats, reiterates and realleges each and every response and allegation contained in paragraphs "FIRST" through "ONE-HUNDRED THIRTEENTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

ONE HUNDRED FIFTEENTH:    Upon information and belief, co-defendant Elite conducted business and trade in the State of New York.

ONE HUNDRED SIXTEENTH:    Defendant PS 41 PTA was a consumer and customer of co-defendant Elite's services.

ONE HUNDRED SEVENTEENTH:    Upon information and belief, co-defendant Elite's employees engaged in unfair and/or deceptive business practices by making material misrepresentations and thereby inducing defendant PS 41 PTA into signing certain lease agreements with plaintiff and/or another entity under which defendant PS 41 PTA paid both plaintiff and another entity for the same copier machine and/or paid plaintiff for a copier machine which defendant PS 41 PTA never requested and never received and by thereafter concealing the foregoing from defendant PS 41 PTA.

ONE HUNDRED EIGHTEENTH:    Co-defendant Elite's unfair and/or deceptive business practices were directed at its consumers and customers.

ONE HUNDRED NINETEENTH:    As a result of Elite's unfair and/or deceptive business practices, PS 41 PTA was damaged and is therefore entitled to its actual damages, punitive damages up to three times the amount of actual damages, as well as its reasonable attorneys fees.

475204.1 DocsNY                              21

## AS AND FOR A FIFTH CROSS-CLAIM FOR UNFAIR
## AND DECEPTIVE BUSINESS PRACTICES PURSUANT TO
## GENERAL BUSINESS LAW § 349, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED TWENTIETH:  Defendant PS 41 PTA repeats, reiterates and realleges each and every response and allegation contained in paragraphs "FIRST" through "ONE-HUNDRED NINETEENTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

ONE HUNDRED TWENTY-FIRST:  Upon information and belief, co-defendant Elite conducted business and trade in the State of New York.

ONE HUNDRED TWENTY-SECOND:  Defendant PS 41 PTA was a consumer and customer of co-defendant Elite's services.

ONE HUNDRED TWENTY-THIRD:  Upon information and belief, co-defendant Elite's employees engaged in unfair and/or deceptive business practices by representing that co-defendant Elite would pay to defendant PS 41 PTA the full amount of any money defendant PS 41 PTA may have owed to Ricoh Business Systems as part of a certain buyout agreement, without increasing defendant PS 41 PTA's monthly copier expenses, and thereafter refusing to make certain of those payments unless defendant PS 41 PTA agreed to sign a new lease agreement which would have substantially increased defendant PS 41 PTA's monthly copier expenses.

ONE HUNDRED TWENTY-FOURTH:  Co-defendant Elite's unfair and/or deceptive business practices were directed at its customers and consumers.

ONE HUNDRED TWENTY-FIFTH:  As a result of co-defendant Elite's unfair and/or deceptive business practices, defendant PS 41 PTA was damaged and is therefore entitled to its actual damages, punitive damages up to three times the amount of actual damages, as well as its

475204.1 DocsNY                                    22

reasonable attorneys fees.

## AS AND FOR A SIXTH CROSS-CLAIM FOR
## NEGLIGENT HIRING, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED TWENTY-SIXTH:   Defendant PS 41 PTA repeats, reiterates and realleges each and every response and allegation contained in paragraphs "FIRST" through "ONE-HUNDRED TWENTY-FIFTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

ONE HUNDRED TWENTY-SEVENTH:   Upon information and belief, co-defendant Elite hired one or more employees who had engaged in deceptive business practices at a prior place of employment.

ONE HUNDRED TWENTY-EIGHTH:   Defendant PS 41 PTA was a consumer and customer of co-defendant Elite's services.

ONE HUNDRED TWENTY-NINTH:   Elite permitted one or more of its employees who had previously engaged in deceptive business practices to contact Elite's clients and customers, including defendant PS 41PTA, and to engage in business activities involving said clients and customers.

ONE HUNDRED THIRTIETH:   One or more of co-defendant Elite's employees engaged in deceptive business practices with regard to certain business transactions between Elite and defendant PS 41 PTA, and other business entities.

ONE HUNDRED THIRTY-FIRST:   One or more of co-defendant Elite's employees made material misrepresentations to defendant PS 41 PTA.

ONE HUNDRED THIRTY-SECOND:   Co-defendant Elite had a duty to protect its customers and consumers, including defendant PS 41 PTA, from the deceptive business practices

of its employees.

ONE HUNDRED THIRTY-THIRD:  Upon information and belief, co-defendant Elite breached its duty to defendant PS 41 PTA by hiring one or more persons who had previously engaged in deceptive business practices without conducting full and complete job interviews and background and reference checks and/or searches or, by conducting inadequate job interviews and background and reference checks, or by hiring said persons with knowledge of their prior deceptive business practices.

ONE HUNDRED THIRTY-FOURTH:  Co-defendant Elite knew or should have known that one or more of its employees would or were likely to engage in deceptive business practices, and/or make material misrepresentations to co-defendant Elite's customers and consumers, including defendant PS 41 PTA.

ONE HUNDRED THIRTY-FIFTH:  Co-defendant Elite's breach of its duty to defendant PS 41 PTA was a proximate cause of injury to defendant PS 41 PTA.

ONE HUNDRED THIRTY-SIXTH:  As a result of co-defendant Elite's negligent hiring of one or more of its employees, defendant PS 41 PTA has been damaged in an amount of not less than $11,561.36 plus interest, attorney's fees, costs and disbursements.

### AS AND FOR A SEVENTH CROSS-CLAIM FOR NEGLIGENT SUPERVISION AND RETENTION, TO WHICH AN ANSWER IS DEMANDED

ONE HUNDRED THIRTY-SEVENTH:  Defendant PS 41 PTA repeats, reiterates and realleges each and every response and allegation contained in paragraphs "FIRST" through "ONE-HUNDRED THIRTY-SIXTH" of this Amended Verified Answer with the same force and effect as if fully set forth at length herein.

ONE HUNDRED THIRTY-EIGHTH:  Upon information and belief, on June 6, 2006, one of co-defendant Elite's employees pled guilty to one count of misdemeanor falsifying business records in the second degree based on her conduct at a prior place of employment.

ONE HUNDRED THIRTY-NINTH: Upon information and belief, co-defendant Elite permitted the employee referenced above in paragraph ONE HUNDRED THIRTY-EIGHTH of this Amended Verified Answer, to contact co-defendant Elite's clients and customers, including defendant PS 41 PTA, and to engage in business activities involving said clients and customers.

ONE HUNDRED FORTIETH:  One or more of co-defendant Elite's employees, including the employee referenced above in paragraph ONE HUNDRED THIRTY-EIGHTH of this Amended Verified Answer, engaged in misleading and deceptive business practices with regard to certain business transactions between co-defendant Elite, defendant PS 41 PTA and other business entities.

ONE HUNDRED FORTY-FIRST:  One or more of co-defendant Elite's employees, including the employee referenced above in paragraph ONE HUNDRED THIRTY-EIGHTH of this Amended Verified Answer, made material misrepresentations in communications with defendant PS 41 PTA.

ONE HUNDRED FORTY-SECOND:  Co-defendant Elite had a duty to protect its customers and clients, including defendant PS 41 PTA, from the deceptive business practices of its employees, by properly supervising those employees, terminating those employees or restricting their contact with its customers or clients.

ONE HUNDRED FORTY-THIRD:  Upon information and belief, co-defendant Elite knew or should have known that one of its employees had pled guilty to one count of misdemeanor falsifying business records in the second degree on June 6, 2006, based on her

conduct at a prior place of employment, and knew or should have known that said employee and/or other employees were engaged in deceptive business practices and/or had made material misrepresentations to defendant PS 41 PTA, but failed to take steps to terminate such employee(s), or warn defendant PS 41 PTA of such employees' conduct, or restrict such employees' contact with defendant PS 41 PTA.

ONE HUNDRED FORTY-FOURTH:   Co-defendant Elite breached a duty owed to defendant PS 41 PTA by failing to properly supervise or terminate one or more of its employees, including the employee referenced above in paragraph ONE HUNDRED THIRTY-EIGHTH of this Amended Verified Answer, who engaged in deceptive business practices, after it knew or should have known of their conduct.

ONE HUNDRED FORTY-FIFTH:   Co-defendant Elite's breach of its duties to defendant PS 41 PTA proximately caused defendant PS 41 PTA to be damaged in an amount of not less than $11,561.36, plus interest, attorney's fees, costs and disbursements.

WHEREFORE, defendant PS 41 PTA demands:

1. Judgment dismissing the Verified Complaint herein, together with attorneys' fees, costs and disbursements;

2. On its counter claims, to which an answer is demanded: judgment against plaintiff in the amount of not less than $11,561.36, plus interest, attorneys fees, costs and disbursements;

3. On its cross-claims, to which an answer is demanded:

a. judgment against co-defendant Elite for full contractual indemnification and/or full contribution against any judgment obtained by plaintiff for an amount to be determined by the Court;

b. judgment against co-defendant Elite for violations of General Business Law §

349 and the award of actual damages, punitive damages up to three times the amount of actual damages, as well as its reasonable attorneys fees;

c. judgment against co-defendant Elite for the negligent hiring, supervision and retention of its employees and an award of damages of not less than $11,561.36, plus interest, attorneys fees, costs and disbursements; and

4. And such other and further relief as this Court deems appropriate.

Dated: New York, New York
March 4, 2009

Yours,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____

Jason C. Astle
Attorneys for Defendant
Public School 41 Parent Teacher Association
120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800

TO:    Paul A. Levine, Esq.
Lemery Greisler LLC
Attorneys for Plaintiff
50 Beaver Street
Albany, N.Y. 12207

Allan H. Carlin, Esq.
Attorney for Defendant Elite Technology (NY) Inc.
708 Third Avenue, 22nd Floor
New York, New York 10017

E. David Smith, Esq.
Smith & Associates
Attorney for Defendant
Bloomingdale Family Program, Inc.
570 Lexington Ave, 23rd Floor
New York, New York 10022

475204.1 DocsNY                              27

## CORPORATE VERIFICATION

**STATE OF NEW YORK**    )
                        ) ss:
**COUNTY OF NEW YORK**)

JACQUELINE BRACHMAN, being duly sworn deposes and says that:

She is co-President of the Public School 41 Parent Teacher Association, that she has read the foregoing AMENDED VERIFIED ANSWER and knows the contents thereof, and that the same is true to her own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

The basis of my belief as to all matters not stated upon my own knowledge is the information contained in the association's file regarding this matter, association members, past and present, and/or conversations with the association's counsel.

 

 

_____
Jacqueline Brachman
Co-President, PS 41 PTA

Sworn to before me this

_____day of March, 2009

Notary Public

475204.1 DocsNY                                    28

349 and the award of actual damages, punitive damages up to three times the amount of actual damages, as well as its reasonable attorneys fees;

c. judgment against co-defendant Elite for the negligent hiring, supervision and retention of its employees and an award of damages of not less than $11,561.36, plus interest, attorneys fees, costs and disbursements; and

4. And such other and further relief as this Court deems appropriate.

Dated: New York, New York
March 4, 2009

Yours,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Jason C. Astle
Attorneys for Defendant
Public School 41 Parent Teacher Association
120 Broadway, 27th Floor
New York, New York  10271-0079
(212) 238-4800

TO:    Paul A. Levine, Esq.
       Lemery Greisler LLC
       Attorneys for Plaintiff
       50 Beaver Street
       Albany, N.Y. 12207

       Allan H. Carlin, Esq.
       Attorney for Defendant Elite Technology (NY) Inc.
       708 Third Avenue, 22nd Floor
       New York, New York 10017

       E. David Smith, Esq.
       Smith & Associates
       Attorney for Defendant
       Bloomingdale Family Program, Inc.
       570 Lexington Ave, 23rd Floor
       New York, New York 10022

475204.1 DocsNY                    27

## CORPORATE VERIFICATION

STATE OF NEW YORK   )
                               ) ss:
COUNTY OF NEW YORK)

        LAURA WILLIAMS, being duly sworn deposes and says that:

        She is co-President of the Public School 41 Parent Teacher Association, that she has read the foregoing AMENDED VERIFIED ANSWER and knows the contents thereof, and that the same is true to her own knowledge except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes them to be true.

        The basis of my belief as to all matters not stated upon my own knowledge is the information contained in the association's file regarding this matter, association members, past and present, and/or conversations with the association's counsel.

                                                 Laura Williams
                                                 Co-President, PS 41 PTA

Sworn to before me this

4 day of March, 2009

Notary Public

CHRISTIAN LEE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6187488
QUALIFIED IN KINGS COUNTY
CERTIFICATE FILED IN NEW YORK CITY
COMMISSION EXPIRES MAY 19, 2012

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-----------------------------------------------------------------X
KEY EQUIPMENT FINANCE INC.

              Plaintiff,                       Index No. 8422-08

                -against-

ELITE TECHNOLOGY (NY), INC., NATIONAL          **ORDER**
INTERNATIONAL MARKETING GROUP, INC.,
TRIAD GROUP, INC. PUBLIC SCHOOL 41
PARENT TEACHERS ASSOCIATION, AND
BLOOMINGDALE FAMILY PROGRAM, INC.

              Defendants.
-----------------------------------------------------------------X

    Upon Motion of Defendant Public School 41 Parent Teacher Association pursuant to CPLR § 504, § 510, and §511, requesting that venue in this case be changed from Albany County to New York County, and said Motion being unopposed by Plaintiff, and the matter being within the sound discretion of the Court, it is hereby

    **ORDERED** that Defendant Public School 41 Parent Teacher Association's motion is granted, and that the Venue and the Place of Trial in the above captioned case be changed from Albany County to New York County.

    It is **FURTHER ORDERED** that the Preliminary Conference Order entered by this Court on April 7, 2009, is hereby vacated and that the Albany County Clerk shall take all necessary steps to transfer the above captioned case to the appropriate New York County clerk wherein this case shall henceforth be venued.

**So Ordered.**

Dated: Albany, New York
     5  day of April, 2009

                                   THOMAS J. McNAMARA
                                   Acting Supreme Court Justice

Albany County Clerk
Document Number 10407064
Rcvd 05/11/2009 11:05:37 AM

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

------------------------------------------------------------------

KEY EQUIPMENT FINANCE INC.

                                     Plaintiff,                Index No. 8422/08

         -against-

ELITE TECHNOLOGY (NY), INC.,               **DEMAND FOR CHANGE**
NATIONAL INTERNATIONAL MARKETING    **OF VENUE**
GROUP, INC., TRIAD GROUP, INC. PUBLIC
SCHOOL 41 PARENT TEACHERS
ASSOCIATION, AND BLOOMINGDALE
FAMILY PROGRAM, INC.

                               Defendants.

------------------------------------------------------------------

       PLEASE TAKE NOTICE that pursuant to CPLR § 511, the undersigned hereby demands

that the place of trial of this action be changed from Albany County to New York County, on the

grounds that the county originally designated by the plaintiff is not a proper county for venue of

this action.

Dated: New York, NY
       December 1, 2008

                         LAW OFFICES OF ALLAN H. CARLIN

                         By: _____
                            Allan H. Carlin
                            708 Third Avenue
                            New York, NY 10017
                            (212) 935-8300
            *Attorneys for Defendant Elite Technology (NY), Inc.*

                                                         12/1/08